UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELVER PEREZ-SUAREZ,

Petitioner,

v.                                                          CAUSE NO. 3:26-CV-433-CCB-SJF

BRIAN ENGLISH,

Respondent.

**OPINION AND ORDER**

Immigration detainee Elver Perez-Suarez, representing himself, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully

confined in violation of the laws or Constitution of the United States. ECF 1. Following

an initial round of briefing, the respondent represented that the government intended

to remove Perez-Suarez to Mexico but that he refused to comply with a removal efforts.

ECF 7. The respondent argued that the refusal to comply precluded relief on Perez-

Suarez's claim under *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), in which he asserted

that his removal would not occur in the reasonably foreseeable future. *Id.* In reply,

Perez-Suarez represented that he refused to sign documents because he has a credible

fear of removal to Mexico and the government did not afford him a credible fear

interview. ECF 10.

On  May 18, 2026, the court found that the removal to Mexico would have likely

occurred but for Perez-Suarez's refusal to cooperate and that the respondent's proposed

rule that a petitioner could not prevail on a *Zadvydas* claim if he refused to cooperate

with removal efforts was generally sound. ECF 11. However, the court further advised it would be reluctant to apply the proposed rule to Perez-Suarez if he had requested but had not been afforded an opportunity for a fear-based interview. *Id.* The court ordered a supplemental round of briefing on whether Perez-Suarez had requested or received a fear-based interview, and, if not, whether the government was willing to provide him with one. *Id.* The parties have now submitted supplemental briefs, and the petition is ready to be decided. ECF 13, ECF 14.

BACKGROUND

Perez-Suarez is a Cuban citizen who entered the United States in 2008. ECF 7-1 at 2-5. On March 8, 2022, he was convicted of conspiracy to commit wire fraud in federal court. *Id.* On April 19, 2023, an immigration judge ordered him removed to Cuba. *Id.* at 6-9. On August 29, 2025, Perez-Suarez entered immigration detention. ECF 7-2. On September 24, 2025, Immigration and Customs Enforcement (ICE) attempted to remove Perez-Suarez to Mexico, but he refused to comply. *Id.* On March 4, 2026, ICE notified him that it would remove him to Mexico, but Perez-Suarez stated that he would not comply with removal to Mexico. *Id.* On April 14, 2026, ICE issued another notice to Perez-Suarez regarding removal to Mexico. *Id.* He is currently held at the Miami Correctional Facility. *Id.*

In response to the order for supplemental briefing, the respondent provided an affidavit, dated May 26, 2026, in which an ICE officer attests that, on May 14, 2026, the government issued Perez-Suarez a questionnaire regarding his preferred country of removal but that he refused to complete it. ECF 13-2. The ICE officer further attests that

the government has no record of Perez-Suarez claiming fear of removal to Mexico but that the government would refer him to the United States Citizenship and Immigration Service (USCIS) for screening. *Id.*

In his supplemental brief, Perez-Suarez represents that he had not received a fear-based interview as of June 2, 2026. ECF 14. He expresses a general willingness to cooperate with removal efforts and represents that he only refused to complete the questionnaire on May 14 because the ICE officer asked him to select only countries where he had friends or family. *Id.* He further represents that he has since completed a questionnaire and has chosen three countries that he considers safe locations for removal. *Id.*

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Perez-Suarez's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Perez-Suarez's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal

period,"[1] which for Perez-Suarez ended in November 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Perez-Suarez has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

The Warden has now shown that the government intends to remove Perez-Suarez to Mexico and that a fear-based interview will soon be scheduled for Perez-Suarez. The recently completed questionnaire also demonstrates that the government is presently considering other countries as removal candidates. Further, Perez-Suarez is no longer refusing to cooperate with removal efforts. Consequently, the record shows that the government is actively working towards removing Perez-Suarez to a third country and that the only identified barrier to third-country removal has now dissipated. The record thus reveals no reason to suspect that Perez-Suarez's removal will not occur within the reasonably foreseeable future. Therefore, the court cannot grant habeas relief on this claim. Because no other claims remain, the court will deny the habeas petition.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Perez-Suarez may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the habeas petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on June 8, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT