UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELVER PEREZ-SUAREZ,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-433-CCB-SJF

## OPINION AND ORDER

Immigration detainee Elver Perez-Suarez, representing himself, filed a motion for leave to file an amended supplemental reply brief in support of his habeas petition. ECF 17. On June 8, 2026, the court denied the habeas petition, reasoning that he had not demonstrated that his removal to Mexico would not occur in the reasonably foreseeable future. ECF 15. From the initial round of briefing, the court determined that only Perez-Suarez's lack of cooperation prevented his removal to Mexico and that he declined to cooperate because he had purportedly been denied the opportunity for a fear-based interview. ECF 11. In the supplemental round of briefing, the government attested to referring Perez-Suarez for a fear-based interview and Perez-Suarez demonstrated his willingness to cooperate with removal efforts to Mexico or to other third countries. ECF 13, ECF 14. Consequently, the court found no further obstacle to Perez-Suarez's removal to a third country and denied the habeas petition. *Id.*

The court will grant the motion to amend to the extent that it will consider whether the arguments in the amended supplemental reply brief affect the court's

reasoning in the order denying the habeas petition. Perez-Suarez first argues that his removal to Mexico is not reasonably foreseeable because the government has not yet provided him a fear-based interview or a date on which he will receive it. However, it has been less than one month since the government represented that it had not previously known that Perez-Suarez sought to pursue a fear-based claim but would refer him for a fear-based interview. ECF 13 at 2-3. This relatively minor delay does not persuade the court that the interview will not occur in the reasonably foreseeable future.

Perez-Suarez cites 8 C.F.R. § 208.31 for the proposition that he will be entitled to a full hearing before an immigration judge if he establishes a reasonable fear and that these immigration proceedings show that his removal will not occur in the reasonably foreseeable future. To his point, the internal guidance suggests that the government might reopen removal proceedings if it determines that Perez-Suarez will likely be persecuted or tortured. ECF 7-1 at 26-27. But, if this occurs, then *Zadvydas v. Davis*, 533 U.S. 678 (2001), would no longer apply to Perez-Suarez because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003).

Perez-Suarez also argues that his removal to Mexico is not reasonably foreseeable because the government has not identified the specific statutory subsection of 8 U.S.C. § 1231(b)(2) that authorizes his removal to Mexico given his limited connection to Mexico. To start, it is unclear how this purported omission relates to whether his removal will occur in the reasonably foreseeable future or why Perez-Suarez believes that the

2

Warden is required to address it. Further, the record indicates that Perez-Suarez previously lived in Mexico and entered the United States from Mexico, so it appears that Mexico is an appropriate third county candidate under subsections (i) and (iii) of Section 1231(b)(2). ECF 7-1 at 2-5; ECF 10. The record also indicates that Cuba, Perez-Suarez's country of birth and citizenship, is not a viable option and that Mexico is willing to accept him, so it also appears that Mexico is an appropriate candidate under subsection (vii). ECF 7-2 at 4; ECF 17-1 at 6.

Perez-Suarez also argues that the Warden's reliance on internal guidance regarding third country removals was inappropriate because the Warden did not file it as part of the court record. However, review of the electronic docket reveals that the Warden filed the internal guidance twice. ECF 7-1 at 26-27, ECF 13-1.

Finally, Perez-Suarez asks the court to order the Warden to provide him with a fear-based interview within fourteen days and to file confirmation of the interview with the court. He also asks for the opportunity to file supplemental briefing thereafter. The court declines to do so because there is no indication that the government will not soon grant him an interview as it represented and due to the attenuated connection between the fear-based interview and the habeas petition. The petition contains no claims, allegations, or requests for relief relating to a fear-based interview, and the court sought information relating to fear-based interviews only for the purpose of assessing the Warden's argument that Perez-Suarez refused to cooperate with removal efforts, which he asserted as a defense to Perez-Suarez's claim under *Zadvydas*.

In sum, this case will remain closed, and the habeas petition remains denied. Nevertheless, this ruling does not prevent Perez-Suarez from seeking habeas relief in another case if the government declines to provide him with a fear-based interview after a significant period of time or otherwise continues to detain him for a significant period of time.

For these reasons, the court **GRANTS** the motion to amend (ECF 17) to the extent that it seeks consideration of the arguments in the amended supplemental reply brief but **DENIES** it in all other respects.

SO ORDERED on June 16, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT